**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4738**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

           v.

STEPHEN DUANE DULA,

                 Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.   (5:06-cr-00022-RLV-CH-1)

Submitted:  May 18, 2009                 Decided:  June 5, 2009

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Roderick M. Wright, Jr., THE WRIGHT LAW FIRM OF CHARLOTTE, P.L.L.C., Charlotte, North Carolina, for Appellant.   Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen Duane Dula pled guilty pursuant to a written plea agreement to one count of conspiracy to possess with intent to distribute fifty grams or more of cocaine base and five grams or more of powder cocaine, in violation of 21 U.S.C. §§ 841, 846 (2006). The district court imposed the statutory mandatory minimum sentence of 120 months in prison. Dula timely appealed.

Counsel for Dula filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court fashioned a reasonable sentence. Finding no reversible error, we affirm.

A review of the record reveals no error in sentencing. When determining a sentence, the district court must calculate the appropriate advisory guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 128 S. Ct. 586, 596 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the [g]uidelines range," is for abuse of discretion. Id. at 591. Sentences within the applicable guidelines range may be presumed by the appellate court to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The district court followed the necessary procedural steps in sentencing Dula, appropriately treating the sentencing guidelines as advisory, properly calculating and considering the applicable guidelines range, and weighing the relevant § 3553(a) factors. Dula's guidelines range was 108 to 135 months but because of the statutory mandatory minimum sentence, his range became 120 to 135 months. Dula's 120-month sentence, which is the low end of the applicable guidelines range, below the statutory maximum of life, and the minimum sentence the district court was required to impose, may be presumed reasonable by this court. Pauley, 511 F.3d at 473. We conclude that the district court did not abuse its discretion in imposing the chosen sentence.

We have reviewed Dula's pro se supplemental brief and find no merit to his claims. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Dula, in writing, of the right to petition the Supreme Court of the United States for further review. If Dula requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dula.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>